IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM H. SMALL,

    Plaintiff,

v.       CV 415-316

USA DISCOUNTERS, LTD., and
TIMOTHY W. DORSEY,

    Defendants.

**O R D E R**

On November 25, 2015, Plaintiff instituted this suit against Defendants by alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. (Doc. 1.) However, before Plaintiff filed his complaint, Defendant USA Discounters, Ltd., ("USA") filed a voluntary petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on August 24, 2015. (Doc. 8-1.) Consequently, Defendants have filed the instant motion to stay this case during the pendency of Defendant USA's bankruptcy proceedings. (Doc. 18.)

Pursuant to 11 U.S.C. § 362(a)(6), a bankruptcy petition "operates as a stay, applicable to all entities, of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." While Plaintiff

acknowledges this provision, he also highlights 11 U.S.C. § 362(d)(1), which provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay . . . for cause." Given this language, Plaintiff argues that the stay should be lifted because he "has not been afforded an opportunity to develop the record, determine liability or ascertain the availability of any insurance policy held by either Defendant which would cover its defenses and liabilities." (Doc. 13.) Regardless of how meritorious this rationale may be, however, the Court cannot grant Plaintiff the relief he seeks. Only a bankruptcy court has such power. See <u>Sonnax Indus., Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280, 1286 (2d Cir. 1990) ("[E]xisting caselaw indicates that the decision of whether to lift the stay [is committed] to the discretion of the bankruptcy judge." (internal quotation marks and citation omitted)); <u>Groover v. R.J. Groover Constr., L.L.C (In re R.J. Groover Construction, L.L.C.)</u>, 411 B.R. 460, 463 (Bankr. S.D. Ga. 2008) ("Section 362(d)(1) of the Bankruptcy Code permits a *bankruptcy* court to terminate, annul, modify, or condition the stay for 'cause.'" (emphasis added)).

In the alternative, Plaintiff argues that even if the automatic stay precludes this case from moving forward as to Defendant USA, it does not have any effect on the claims asserted against Defendant Dorsey. Consistent with this

2

argument, courts have held that "[t]he extension of an automatic stay to a debtor's co-defendants does not occur as a matter of course and is only proper in unusual circumstances." See Dillard v. Baker, No. 1:08-CV-1740, 2009 WL 1025337, at *1 (N.D. Ga. Apr. 14, 2009). Yet, such unusual circumstances include situations where a nonbankrupt co-defendant would be entitled to indemnity "by the debtor on account of any judgment that might result against [him] in the case." In re Stewart, 329 B.R. 910, 915 (Bankr. M.D. Ga. 2005) (internal quotation marks and citation omitted). In fact, "[t]o refuse application of the statutory stay in [such a] case would defeat the very purpose and intent of [11 U.S.C. § 362]." Id. (internal quotation marks and citation omitted).

Within their suggestion in bankruptcy and motion to stay, Defendants indicate that Defendant USA would be forced to indemnify Defendant Dorsey should the latter be found liable on any of Plaintiff's claims. (Docs. 8, 18.) Accordingly, Defendants argue that the Court should stay this entire action. In response, Plaintiff maintains that the Court cannot rule for Defendant Dorsey since there is "absolutely no evidence" of Defendant USA's obligation to indemnify. (Doc. 13.)

While the Court recognizes that it is common practice for companies to indemnify their highest-ranking officials for any losses stemming from their employment, the Court - as Plaintiff highlights - has no evidence that such an arrangement exists

3

between Defendant USA and Defendant Dorsey. For that reason, the Court **ORDERS** Defendant Dorsey to submit, **no later than May 23, 2016**, evidence indicating that Defendant USA is under an obligation to indemnify him for any losses stemming from this suit. Until then, Defendants' motion to stay (Doc. 18) is **GRANTED**, but only as to Defendant USA.

**ORDER ENTERED** at Augusta, Georgia, this ___16th___ day of May, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA