```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

WILLIAM H. SMALL,              *
                               *
     Plaintiff,                *
                               *
     v.                        *          CV 415-316
                               *
USA DISCOUNTERS, LTD., and     *
TIMOTHY W. DORSEY,             *
                               *
     Defendants.               *

**O R D E R**

On May 16, 2016, the Court stayed this action as to Defendant USA Discounters, Ltd. ("USA"), and also instructed Defendant Dorsey to submit evidence indicating "that Defendant USA is obligated to indemnify him for any losses stemming from this suit." (Doc. 21.) Since that time, Defendant Dorsey has responded with the declaration of Joseph J. Sciametta, Defendant USA's president and chief executive officer, along with a copy of Defendant USA's articles of incorporation. (Doc. 22-1.)

Pursuant to Article 5.1 of its articles of incorporation, Defendant USA "shall indemnify any individual who is, was or is threatened to be made a party to a civil . . . proceeding . . . because such individual is or was a director or officer of the Corporation." (Id.) However, a director or officer is only entitled to such indemnification if that person "conducted

himself or herself in good faith and believed that his or her conduct was in the best interests of the legal entity." (Id.)

Because Defendant USA has admitted that, at the time of the conduct in question, Defendant Dorsey was one of its officers and was "conducting himself and performing his duties in good faith and in [the company's] best interests," it appears that Defendant Dorsey will be entitled to indemnification. (Doc. 22-1.) Consequently, the Court concludes that the automatic stay, arising under 11 U.S.C. § 362(a)(6), precludes Plaintiff's claims from moving forward, at this time, as to either Defendant. See Dillard v. Baker, No. 1:08-CV-1740, 2009 WL 1025337, at *1 (N.D. Ga. Apr. 14, 2009) (providing that 11 U.S.C. § 362 may be invoked to stay proceedings "when there is such an identity of interest between the debtor and another defendant . . . that a judgment against the other defendant would be in effect a judgment against or a finding against the debtor"); In re Stewart, 329 B.R. 910, 915 (Bankr. M.D. Ga. 2005) (indicating that 11 U.S.C. § 362 may be invoked to stay proceedings against a nonbankrupt co-defendant where he is entitled to indemnity by his bankrupt co-defendant). Having already granted Defendants' motion to stay as to Defendant USA, the Court now **GRANTS** Defendants' motion (Doc. 18) as to Defendant Dorsey. Accordingly, the Court directs the Clerk to **CLOSE** this case for statistical purposes. At the appropriate time, either party may move to re-open this matter.

2

**ORDER ENTERED** at Augusta, Georgia, this 6th day of June, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA